CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
07/31/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PATRICIA GERALD and TARSHA GERALD, | Civil Action No. 3:18CV00057 |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| RALPH SCOPELLITI, et al., | |
| Defendants. | |

Patricia Gerald ("Patricia") and her daughter, Tarsha Gerald ("Tarsha"), proceeding pro se, commenced this action by filing a form complaint against two officers with the Albemarle County Police Department, Ralph Scopelliti and Scott Miller; Albemarle County Deputy Commonwealth's Attorney Darby Lowe; and Albemarle County Circuit Court Judge Cheryl Higgins. The plaintiffs have not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of their complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

In their complaint, which is difficult to follow, the plaintiffs allege that Scopelliti prepared a police report on May 26, 2018, following a motor vehicle accident, which indicated that Patricia had a driver's license.* However, Scopelliti subsequently testified in court that Patricia "did not

---

\* The plaintiffs submitted a number of exhibits with their complaint, including a police crash report and misdemeanor arrest warrants charging them with driving on a suspended license, in violation of Virginia Code § 46.2-301. The exhibits indicate that the underlying incident occurred on May 26, 2013, rather than May 26, 2018. Because the precise date is not essential to the court's rulings, it is unnecessary to resolve this discrepancy.

have a license and had three driving on suspended." Compl. 5, Docket No. 2. Scopelliti also testified that he talked to Miller, who told him that Patricia and Tarsha admitted to driving, "which isn't true." Id. Likewise, Scopelliti testified that both of the plaintiffs advised him that they had been driving the vehicle involved in the accident. The plaintiffs allege that Scopelliti's testimony was false, and that they never talked to him or knew who he was until they were summonsed to appear in court on charges of driving on a suspended license. The plaintiffs further allege that they "never even drove" the vehicle and instead allowed a friend to drive it. Id. at 6.

The plaintiffs claim that Scopelliti's testimony was relied upon to convict them of driving on a suspended license. They indicate that they are now suing for violations of their rights under the Fifth and Sixth Amendments to the United States Constitution. They seek to recover damages for emotional distress, emphasizing that they "suppl[ied] all the evidence to [their] lawyer who never once brought it up in court." Id. at 7.

### **Standard of Review**

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiffs. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim,

a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Because the plaintiffs characterize their action as one for violations of their federal constitutional rights, the court construes the complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the plaintiffs' complaint fails to state a plausible claim under § 1983 against any of the named defendants.

First, with respect to the plaintiffs' claim that Scopelliti provided false testimony at trial, "such claim is subject to dismissal because the Supreme Court has specifically held that police officers are immune from an action arising under § 1983 for alleged perjury." Smith v. McCarthy, 349 F. App'x 851, 858 n.10 (4th Cir. 2009) (citing Briscoe v. LaHue, 460 U.S. 325, 242-43 (1983)). The court likewise concludes that Judge Higgins and Darby Lowe, the Deputy Commonwealth's Attorney who apparently prosecuted the plaintiffs, are immune from liability. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (discussing judicial immunity); see also Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (observing that "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process'") (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

Additionally, the plaintiffs' complaint is devoid of any factual allegations that would otherwise support a plausible violation of the Fifth or Sixth Amendment. To the extent the plaintiffs' complaint could be construed to assert a claim for malicious prosecution under the Fourth Amendment, such claim fails, among other reasons, because the plaintiffs do not allege that

3

the criminal proceedings ended in their favor. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (explaining that "[a] malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort," and that one of the required elements is that the "criminal proceedings terminated in plaintiff's favor."). For the same reason, the Supreme Court's decision in Heck v. Humphrey precludes any claim for damages that would "necessarily imply the invalidity" of the plaintiffs' convictions. 512 U.S. 477, 487 (1994); see also Nelson v. Campbell, 541 U.S. 637, 646-47 (2004) (discussing Heck's "favorable termination requirement"). Accordingly, the complaint fails to state a claim on which relief may be granted.

## Conclusion

For the reasons stated, the court will grant the plaintiffs' motion for leave to proceed in forma pauperis. However, their complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs.

DATED: This 31st day of July, 2018.

_____
Senior United States District Judge

4